| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br><br>Court Address:  1437 Bannock Street,<br>                Denver, CO 80202 | DATE FILED: October 2, 2020 11:59 AM<br>FILING ID: 66798138F24EA<br>CASE NUMBER: 2020CV33362 |
|---|---|
| **Plaintiffs:**  ROBERT HAZAN, as legal guardian and conservator for his mother SARA BEHMOARAS<br><br>v.<br><br>**Defendant:**  ALLIANZ WORLDWIDE CARE SA | σ **COURT USE ONLY** σ<br><br>Case Number:<br><br>Courtroom: |
| <u>ATTORNEYS FOR PLAINTIFF</u>:<br>Robert M. Baldwin, Esq.<br>Michelle B. Baldwin, Esq.<br>Baldwin Law, LLC<br>66 W. Springer Drive, Suite 306<br>Highlands Ranch, Colorado 80209<br>Phone:  (303) 736-8846<br>Fax:    (720) 638-7056<br>Email:  Rob@RobBaldwin.law;<br>Michelle@RobBaldwin.law<br>Atty. Reg. Nos. 13138 & 51980 | |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Robert Hazan, as the son, legal guardian and conservator for his mother Sara Behmoaras, by his attorneys, for his Complaint against Defendant Allianz Worldwide Care SA, states and alleges the following:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Robert Hazan and his mother Sara Behmoaras are residents of Denver, Colorado.

2. Plaintiff has been appointed by the Denver probate court as the legal guardian and conservator for his mother Sara Behmoaras with authority to file this lawsuit.

1

**EXHIBIIT 2**

3. Defendant Allianz Worldwide Care SA is an insurance company who issued a health insurance policy to Ms. Behmoaras which, at all pertinent times, was in full force and effect.

4. Plaintiff's claim against Defendant arises from an automobile collision which severely injured Sara Behmoaras as a pedestrian in Denver, Colorado (hereinafter referred to as the "Collision").

5. As a result of Ms. Behmoaras' injuries from the Collision, she became bed-ridden, requiring extensive, round-the-clock care, confined first at Denver Health and Hospital, including its Oasis Unit, after which she was transferred to Rowan Community, where she remains bed-ridden, still requiring the same extensive, round-the-clock care.

6. Plaintiff requested insurance coverage from Defendant for the medical bills incurred for Ms. Behmoaras at Denver Health and Hospital. Defendant transacted business within the state of Colorado, including within the City and County of Denver, by handling and paying such claim in Denver, Colorado.

7. Plaintiff also requested insurance coverage from Defendant for the medical bills incurred, and to be incurred, at Rowan Community. Defendant transacted business within the state of Colorado, including within the City and County of Denver, by handling such claim and denying coverage for the Rowan Community medical bills in Denver, Colorado.

8. Venue and jurisdiction is therefore proper in this Court.

## GENERAL ALLEGATIONS

9. Plaintiff incorporates the allegations contained in paragraphs 1 through 8 above as if fully set forth herein.

10. At the time of the Collision, Ms. Behmoaras was 87 years old but living independently.

11. As a proximate cause of Collision, Ms. Behmoaras was seriously injured, including a brain injury, resulting in dementia.

12. This brain injury is Ms. Behmoaras' primary diagnosis, which doctors have described as "irreversible."

13. Ms. Behmoaras' irreversible brain damage requires 24-hour care, including care for behavioral interventions, safety issues, management and evaluation of her care plan, and observation and assessment of her condition.

14. When she arrived at Rowan Community, Ms. Behmoaras also suffered from foot drop, a non-operable left humerus fracture, a left tibia fracture, abnormal

weight loss, traumatic subarachnoid hemorrhage, congestive heart failure, severe tremors, acute pain due to trauma, a high risk for blood clots, and other medical conditions.

15. As such, Ms. Behmoaras became bed-ridden with a complete loss of independence.

16. Based on her condition, her physician recommended care such as that provided by Rowan Community.

17. The health insurance policy ("Policy") issued by Defendant to Ms. Behmoaras covers 80% of the cost for Out-Patient Treatment for Convalescence.

   a. The Policy defines "convalescence" as including "institutional care" for the "mentally disabled" who "require care for persons that require constant assistance and that are suffering from an irreversible mental condition."

   b. The Policy then defines "irreversible mental condition" to include a "permanent mental illness requiring constant medical/nonmedical attention," such as dementia.

18. In the alternative, the Policy also provides coverage for "Hospital services" and "General nursing services." As part of this, the Policy defines "Hospitalization" to include the "admission to a recognized appropriately equipped medical facility for at least 24 hours."

19. Defendant was provided with detailed records which showed that Ms. Behmoaras qualified for the above types of coverage under the Policy.

20. Defendant was also provided evidence of Ms. Behmoaras' complete helplessness and need for care, including a video of her being transferred from a wheelchair in a Hoyer lift to her bed.

21. Despite this, and despite receiving prompt notice of Ms. Behmoaras' condition, care, and the costs of such care, as well as a request for pre-authorization for this care, Defendant has refused to pay for substantially all of Ms. Behmoaras' expenses incurred for her care at Rowan Community, even though Defendant had previously paid for nearly identical care at Denver Health and Hospital.

22. In doing so, Defendant's conduct has violated Colorado's Unfair Claims Act. See Section 10-3-1104(1)(h)(V) C.R.S. (failure to affirm coverage within a reasonable time); and Section 10-3-1104(1)(h)(VI) C.R.S. (failing to pay claims when liability is reasonably clear).

23. To pay for Ms. Behmoaras' care at Rowan Community, Plaintiff was forced to liquidate his mother's bank accounts, limited savings, and other financial

assets, and was also forced to sell her condominium—all to pay what Defendant should have paid for.

24. Defendant was notified that Plaintiff was exhausting his mother's assets to pay for her care, but Defendant has continued to fail to pay for almost all of her care at Rowan Community.

25. Defendant's conduct has compelled Plaintiff to file this lawsuit to obtain the health insurance benefits owed by Defendant. Such conduct by Defendant is yet another violation of the Unfair Claims Act. Section 10-3-1104(1)(h)(VII) C.R.S. (compelling an insured to file suit to recover what is owed under the policy).

### FIRST CLAIM
(Breach of Contract)

26. Plaintiff incorporates the allegations contained in paragraphs 1 through 25 above as if fully set forth herein.

27. The Policy issued by Defendant constitutes a contract of insurance.

28. Defendant has breached such contract of insurance by failing to pay all insurance benefits owed under the contract.

29. Defendant's breach has proximately caused damages.

Wherefore, Plaintiff prays for relief as set forth in the Prayer for Relief below.

### SECOND CLAIM
(Statutory Double-Damages and Attorney's Fees)

30. Plaintiff incorporates the allegations contained in paragraphs 1 through 29 above as if fully set forth herein.

31. Pursuant to Section 10-3-1115(1)(b)(I) C.R.S., Plaintiff is a first-party claimant. Pursuant to Section 10-3-1116(1), a first-party claimant such as Plaintiff is entitled to recover attorney's fees, court costs, and "two times the covered benefit" for Defendant's unreasonable delay or denial of Plaintiff's claim for benefits.

32. Defendant has breached this statute by unreasonably delaying Plaintiff's claim, by unreasonably failing to pay Plaintiff's entire claim, and by unreasonably denying part of Plaintiff's claim.

33. Defendant's violations of the Unfair Claims Act constitute evidence of its unreasonable conduct in delaying and denying Plaintiff's claim.

34. Plaintiff is therefore entitled to an award of two times the covered benefits plus attorney's fees.

Wherefore, Plaintiff prays for relief as set forth in the Prayer for Relief below.

### THIRD CLAIM
(Common Law Bad Faith)

35. Plaintiff incorporates the allegations contained in paragraphs 1 through 34 above as if fully set forth herein.

36. Defendant owed a duty of good faith to Plaintiff.

37. Defendant had no reasonable basis for its delay and denial of payment of health insurance benefits.

38. Defendant breached its duty of good faith by knowingly or recklessly disregarding the lack of any reasonable basis for its delay and denial of payment of health insurance benefits.

39. Defendant's violations of the Unfair Claims Act constitute evidence of its unreasonable conduct in delaying and denying Plaintiff's claim.

40. Defendant's breach of its duty of good faith has proximately caused financial damages.

Wherefore, Plaintiff prays for relief as set forth in the Prayer for Relief below.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Robert Hazan prays for judgment in favor of Plaintiff Robert Hazan and against Defendant Allianz Worldwide Care SA as follows:

A. For all unpaid health insurance benefits;

B. For compensatory damages for financial losses;

C. For statutory double-damages for all health insurance benefits for which payment was unreasonably denied or delayed;

D. For statutory attorney's fees;

E. For pre-judgment, post-judgment, and moratory interest; and

F. For all costs, and such other and further relief as this Court deems just, fit, proper, and equitable.

PLAINTIFF DEMANDS A TRIAL BY A JURY OF SIX ON ALL ISSUES.

Dated this 2nd day of October, 2020.

                              Respectfully submitted,

*In accordance with C.R.C.P. §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by the other parties or the court upon request.*

_____
Robert M. Baldwin, No.13138
Michelle B. Cortes, No. 51980
BALDWIN LAW, LLC

*ATTORNEYS FOR PLAINTIFF*

<u>Plaintiff's Address</u>
7405 E. Kenyon Avenue
Denver, CO 80237